In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1597

United States of America,

Plaintiff-Appellee,

v.

Scott M. Peterson,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 00-CR-74-C--Barbara B. Crabb, Chief Judge.

Argued September 19, 2001--Decided October 9, 2001

  Before Easterbrook, Diane P. Wood, and
Williams, Circuit Judges.

  Easterbrook, Circuit Judge.  As part of
his plea agreement in this bank-fraud
prosecution, Scott Peterson promised to
pay restitution for "all losses relating
to the offense of conviction and all
losses covered by the same course of
conduct or common scheme or plan as the
offense of conviction." (Emphasis added.)
Normally restitution is limited to loss
caused by the offense of conviction. See
18 U.S.C. sec.3663A(a); Hughey v. United
States, 495 U.S. 411 (1990); United
States v. Behrman, 235 F.3d 1049 (7th
Cir. 2000); United States v. Martin, 195
F.3d 961, 968 (7th Cir. 1999). But "[t]he
court shall also order, if agreed to by
the parties in a plea agreement,
restitution to persons other than the
victim of the offense." 18 U.S.C.
sec.3663A(a)(3). This clause in
Peterson's plea agreement is designed to
exercise the option under subsection
(a)(3). In exchange for promising extra
restitution, Peterson received
concessions. The prosecutor dismissed
four of the six counts in the indictment,
and the district judge imposed a sentence
of only 14 months' imprisonment, together
with an order requiring Peterson to pay
$53,491.87 to four lenders. Peterson did
not object.

In this court he sings a different tune, contending that the district judge lacked authority to order restitution other than with respect to the two counts of conviction. Peterson insists that the plea agreement is not a valid implementation of sec.3663A(a)(3). It is not clear that he understands the principal implication of this position: that his plea must be set aside, the four dismissed counts reinstated, and the prosecution resumed in the district court. He appears to believe that he can have the benefits of the plea agreement (four counts dismissed, reduced time in prison) without the detriments. That's not an option. The whole plea agreement stands, or the whole thing falls. See United States v. Wenger, 58 F.3d 280 (7th Cir. 1995). Peterson may find four more convictions and extra time in prison a steep price to pay--especially since reinstating the extra four counts could support the full award of restitution without regard to any agreement under sec.3663A(a)(3), and then Peterson would not achieve even his immediate aim of reducing the financial component of this judgment. It is unnecessary to pursue this, however, because there is no problem with the restitution order. Resolving the appeal in this fashion also makes it unnecessary to decide whether the failure to object in the district court should be viewed as a waiver or only as a forfeiture. Compare United States v. Harris, 230 F.3d 1054 (7th Cir. 2000), and United States v. Richardson, 238 F.3d 837 (7th Cir. 2001), with United States v. Williams, 258 F.3d 669 (7th Cir. 2001).

The full text of the plea agreement's provision for restitution reads:

The defendant agrees to pay restitution for all losses relating to the offense of conviction and all losses covered by the same course of conduct or common scheme or plan as the offense of conviction. The exact restitution figure will be agreed upon by the parties prior to sentencing or, if the parties are unable to agree upon a specific figure, restitution will be determined by the Court at sentencing.

Negotiations between the plea and the sentencing did not yield agreement on a specific figure. The district judge therefore computed an amount, as the

agreement provided. Peterson does not contend that the judge's calculation was mistaken; he argues only that the district judge lacked authority to specify any amount. He asks us to read sec.3663A(a)(3) as applicable only when the defendant himself specifies both the additional victims and the precise amount of restitution to be paid. It is not possible to delegate power to the court, Peterson insists.

Nothing in sec.3663A(a)(3) prescribes how a defendant may exercise the option to make restitution to persons other than the victims of the crimes of conviction. Peterson believes that this open-endedness, combined with the Rule of Lenity, equals a requirement that the victims and amounts be written into the plea agreement. This seems backward. Why would the lack of detail in the statute lead to the conclusion that only one means of giving assent is lawful? It makes more sense to infer from the lack of detail in the statute that any means acceptable to the defendant is proper. It is the defendant's choice, after all. A defendant may volunteer details, or agree with the prosecutor on a formula, or delegate the power to the judge.

Defendants cannot be helped by rules cutting off options they find useful (including an option that this defendant did find useful). If the final amount of restitution must be specified in the plea agreement, then it may prove impossible for the parties to reach agreement (or for the defendant to obtain concessions in exchange for his promise). Plea agreements are negotiated well in advance of the presentence report, and prosecutors understandably would be reluctant to sign off on a deal whose final dollar amounts were set before the probation office collected details that usually are helpful in understanding the full scope of the defendant's wrongful conduct. Put to a choice between final details in the plea agreement, and no deal, the result often would be no deal--to the detriment of defendants and prosecutors alike.

Defendants are free to waive both statutory and constitutional rights in the course of criminal prosecutions. See, e.g., Bousley v. United States, 523 U.S. 614 (1998); United States v. Mezzanatto, 513 U.S. 196 (1995); United States v.

Broce, 488 U.S. 563 (1989); Mabry v. Johnson, 467 U.S. 504, 508 (1984). Even if sec.3663A(a)(3) favored full details in the plea agreement (which it does not), a defendant could waive that entitlement and choose a different method. Peterson did just this: he agreed to make restitution to all victims of his entire course of conduct, and agreed further that the district judge could make decisions that proved necessary to implement this choice. The district court did no more than Peterson had agreed it could. He has no basis for complaint.

Affirmed