In the

# United States Court of Appeals

### For the Seventh Circuit

No. 04-2956

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

PATRICIA A. HAVENS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 1:03CR00159-001—**Larry J. McKinney**, *Chief Judge.*

ARGUED JANUARY 12, 2005—DECIDED SEPTEMBER 12, 2005

Before FLAUM, *Chief Judge*, and EASTERBROOK and WOOD,
*Circuit Judges.*

WOOD, *Circuit Judge.* Patricia A. Havens pleaded guilty
to various offenses relating to identity theft. She was
sentenced to 12 months in prison and ordered to pay
$30,000 in restitution to the person whose identifying
information she stole. Havens does not challenge her prison
sentence; rather, her appeal is limited to the order of
restitution, which, she argues, imposed obligations on her
that were not authorized by the Mandatory Victim Restitu-
tion Act of 1996 (MVRA), 18 U.S.C. § 3663A. We conclude
that the order indeed went too far, and we therefore vacate
it and remand to the district court for further proceedings.

**I**

On November 18, 1998, Havens applied (using her maiden name, Brown) to AmerUS Home Equity for a mortgage loan in the amount of $144,000, which she planned to use to refinance the outstanding mortgage on her Indianapolis home. Concerned that the application would be rejected because of her poor credit rating, Havens fraudulently filled out the application using the date of birth, social security number, and various credit card accounts of a more creditworthy Patricia Brown, a certified public accountant (CPA) with an office in nearby Carmel, Indiana. Havens had obtained this information from credit reports to which she had access in her capacity as a real estate broker. In support of her application, Havens also submitted two false payroll checks made payable to Patricia Brown, showing the stolen social security number. Relying on the information Havens provided, AmerUS approved the application and executed a loan in the name of Patricia A. Brown, under the social security number assigned to Brown, but secured by Havens's property.

The fraud went undetected until 1999, when Havens fell behind on the mortgage payments and AmerUS contacted Brown. At first Brown believed that the problem was the result of a mistake on the part of AmerUS, but in short order, more creditors began to contact her about other lines of credit that she had not opened. After looking into the problem, Brown discovered that in addition to the AmerUS mortgage loan, Havens had also obtained a second mortgage loan and opened a credit card account using Brown's identifying information. The records indicated that both these accounts were also delinquent. The new accounts that Havens had opened were not the only way in which she damaged Brown's credit history; in addition, parts of Havens's earlier credit history, including a bankruptcy, various civil judgments entered against her, and other

delinquent accounts, had migrated over to Brown's credit reports. As a result, Brown's once positive credit rating had suffered greatly. According to Brown, a poor credit rating is particularly harmful to someone in her profession, as it calls into question her integrity and reliability as a CPA.

Upon uncovering Havens's fraud, Brown notified the relevant authorities and then sued Havens in Indiana state court for damages under Ind. Code § 34-24-3-1,which allows a person who suffered pecuniary losses as a result of theft or fraud to bring an action against the person causing the loss and to recover treble damages, reasonable attorney's fees, and compensation for lost time. Although Brown was not required to repay any of the debts incurred by Havens's use of her identifying information, she requested damages consisting of the amount of *credit* stolen, attorney's fees incurred in the litigation, and the value of the time she spent investigating the fraud and correcting her credit history. The trial court awarded Brown $30,000 in damages and $14,000 in attorney's fees, and the Indiana Court of Appeals affirmed. See *Brown, C.P.A. v. Brown*, 776 N.E.2d 394 (Ind. App. 2002). Brown also requested and was granted a court order directing the credit agencies to correct her credit reports and restore her credit rating.

On October 9, 2003, a federal grand jury indicted Havens on two counts of wire fraud, in violation of 18 U.S.C. § 1343, three counts of using a false social security number, in violation of 42 U.S.C. § 408(a)(7)(B), and one count of fraud in connection with access devices, in violation of 18 U.S.C. § 1029(a)(2) and (c)(1), in connection with the AmerUS mortgage loan. Havens entered into a plea agreement with the government under which she pleaded guilty to all six counts in the indictment. In the agreement, the parties stipulated that the U.S. Sentencing Guidelines called for a base offense level of 12 and a two-level reduction for acceptance of responsibility, but they agreed that the court would determine Havens's sentence and that the stipula-

tions served only as a recommendation. In addition, the government reserved the right to request an upward departure as well as an order of restitution.

At the sentencing phase, the government requested an upward departure from the Guideline range, arguing in reliance on U.S.S.G. § 2B1.1 Application Note 15(A)(vii)(i) that Havens's conduct caused substantial harm to Brown's credit record and Brown incurred substantial inconvenience in repairing the damage. The Presentence Investigation Report recommended restitution to Brown in the amount of $42,099.70, based on the amount outstanding from the civil judgment award obtained in state court. Havens objected to both the request for upward departure and amount of restitution, arguing that Brown suffered no monetary losses because she was not required to pay back the debts and that the restitution amount could not mirror the state court judgment as it reflected losses not covered under the MVRA.

The district court denied the government's motion to depart upward and sentenced Havens to 12 months in prison and three years of supervised release. It rejected the attorney's fee portion of the civil judgment as restitution, but it ordered Havens to pay the principal sum of $30,000 to Brown. On appeal, Havens challenges this amount.

## II

The MVRA requires a court to order a defendant to make full restitution to the victim of an offense involving fraud or deceit. 18 U.S.C. § 3663A(a)(1) and (c)(1)(A)(ii). A victim under the Act is "a person directly and proximately harmed as a result of the commission of an offense." § 3663A(a)(2); see also *United States v. Donaby*, 349 F.3d 1046, 1052 (7th Cir. 2003) (citing *United States v. Randle*, 324 F.3d 550, 556 (7th Cir. 2003) (recognizing that the MVRA authorizes restitution to a victim directly harmed by the offender's

specific conduct that is either the basis of the offense of conviction or an element of a scheme)).

In the case of an offense resulting in damage to property, the MVRA requires the defendant to return the property to the victim or if that is not possible, to pay the victim an amount equal to the loss of value of the property. See § 3663A(b)(1). We have noted that "[t]his measure of relief is less generous than common law damages, since it does not extend to consequences beyond the diminution of the value of the property stolen or damaged." *United States v. Scott*, 405 F.3d 615, 618 (7th Cir. 2005). This is because criminal restitution refers only "to the restoration of something that the defendant had taken from the plaintiff, including a profit." *Id.* at 619 (citations omitted).

Havens concedes that Brown qualifies as a victim under the Act. There is no question that Brown, as is the case with all identity theft victims, was harmed by the unauthorized use of her identifying information. The issue instead is whether the amount of the restitution order was proper. Havens argues that the court should not have relied on the $30,000 state civil judgment award because it was based on a theory of "stolen credit" and did not reflect the actual monetary losses suffered by Brown. She also contends that no amount of restitution should be imposed because Brown was not required to pay off the debts Havens had acquired in her name and thus she suffered no actual losses. According to Havens, whatever losses Brown did incur in pursuing her civil lawsuit are "simply too nebulous" to be considered losses under the MVRA.

We review the court's calculation of the amount of restitution for an abuse of discretion. See *United States v. Sensmeier*, 361 F.3d 982, 988 (7th Cir. 2004). We will disturb a restitution order only if the district court relied upon inappropriate factors when it exercised its discretion or failed to use any discretion at all. *Id.* Although the

district court is not statutorily required to make specific findings of fact, "if the record does not sufficiently support its conclusions or clarify its reasoning, then we ask that the court provides us with that information, including its specific findings of fact, to facilitate our review." *United States v. Menza*, 137 F.3d 533, 538 (7th Cir. 1998).

In calculating the amount of restitution, the district court adopted in its entirety the amount of damages awarded by the Indiana state court. A civil judgment award by itself, however, is insufficient to support an order of restitution because some damages and costs recoverable in a civil action, such as treble damages, consequential damages and attorneys' fees spent in pursuing litigation against the wrongdoer, do not qualify as "losses" under the MVRA. See *United States v. Shepard*, 269 F.3d 884, 887 (7th Cir. 2001). (Attorneys' fees in that situation are not regarded as "damages" at all, see *Scott,* 405 F.3d at 620, because under the American rule the decision to award fees is considered a procedural one, not a remedial one. *Id.*) Instead, a court may include only those portions of the award that reflect the losses actually caused by the defendant's offense. See *United States v. Rhodes*, 330 F.3d 949, 953 (7th Cir. 2003); *United States v. Seward*, 272 F.3d 831, 839 (7th Cir. 2001) (holding that restitution is based on the amount of actual loss caused by the offense and excludes consequential or incidental damages).

Here, we cannot tell from the face of the district court's order which losses reflected in the state court judgment are recoverable, and which were not. We know from the complaint that Brown sought $575,301 in damages under Ind. Code § 34-24-3-1: $558,324 represented three times the amount of credit Havens had obtained through Brown's identifying information; $1,500 accounted for the value of time Brown spent in pursing the litigation; $15,274 represented Brown's attorneys' fees; and the remainder reflected court costs. We also know that the state court

awarded Brown $30,000 in damages, but we do not know the origin of this amount. This lack of information prevents us from conducting a meaningful review of the order of restitution and requires us to remand the case to the district court for further proceedings. See *United States v. George*, 403 F.3d 470, 473-74 (7th Cir. 2005); *Menza*, 137 F.3d at 538.

On remand, the court will need to determine the diminution in value of Brown's property caused by Havens's conduct. Although Brown was not required to pay the debts Havens incurred using her name and credit, this does not mean that Brown did not suffer losses recoverable under the MVRA. Brown takes the position that she is entitled to reimbursement for all the time she spent in this endeavor, but in our view that goes too far. To the extent that she spent time that otherwise would have been compensated, perhaps because she had to miss work and forego hourly compensation, or because she had to turn down professional clients to whom she could have provided services if she was not occupied with her credit restoration activities, her time may be compensated. Time spent for which the opportunity cost was zero, however, cannot be the subject of compensation, because the loss to the victim is zero in that case. Fees paid to counsel or other experts for dealing with the banks and credit agencies in the effort to correct her credit history and repair the damage to her credit rating are also properly included in a restitution order. See *Scott*, 405 F.3d at 619 (holding that the expense of an audit conducted to determine how much was stolen is recoverable); *Rhodes*, 330 F.3d at 953 (holding that a victim's repayment to its customers of the amount stolen by its employee is recoverable); *Menza*, 137 F.3d at 539 (finding that clean-up costs required by the defendants' conduct are recoverable). The costs associated with her lawsuit to recover damages under Ind. Code § 34-24-3-1, however, are not recoverable, because they do not reflect the losses she suffered as a direct result of Havens's conduct.

### III

For the foregoing reasons, we VACATE the order of restitution, and REMAND the case for proceedings consistent with this opinion.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*