**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 17, 2005[*]
Decided November 22, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-2797

| | |
|---|---|
| UNITED STATES of AMERICA,<br> *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 05-CR-25-C-01 |
| ANTHONY W. LEWIS,<br> *Defendant-Appellant.* | Barbara B. Crabb,<br> *Chief Judge.* |

**O R D E R**

Anthony Lewis pleaded guilty to passing a counterfeit check in violation of 18 U.S.C. § 513(a). That check was just one of many totaling more than $16,000 that Lewis passed over a two-month period. The police finally caught up with him when he fled a grocery store where employees questioned his check, but Lewis did not give up without a struggle and injured a deputy sheriff while resisting arrest. At sentencing the district court ordered Lewis to pay more than $36,000 in restitution, which includes not only the value of the counterfeit checks that he actually passed, but also $19,177 for worker's compensation paid to the injured deputy and $852 for

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

three checks that Lewis counterfeited but never cashed.  Lewis argues here that he should not have to reimburse the insurance company that paid the worker's compensation, or pay anything for the three checks that were never presented for payment.  The government concedes that the district court should not have ordered Lewis to make restitution for the three checks, and thus we remand for the district court to correct the judgment to reduce the restitution award by the $852 face value of those checks.  Otherwise, however, we uphold the order of restitution.

The restitution order in this case was imposed under the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A.  Normally, restitution under this statute is limited to losses incurred by a victim of the offense of conviction, *id.* § 3663A(a)(1), but the sentencing court may "also order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense," *id.* § 3663A(a)(3).  *See United States v. Peterson*, 268 F.3d 533, 534 (7th Cir. 2001).  As part of his written plea agreement, Lewis consented "to pay restitution for all losses relating to the offense of conviction and all losses covered by the same course of conduct or common scheme or plan as the offense of conviction."  The district court drew its authority to order restitution for the worker's compensation from this language in the plea agreement.

The language of the plea agreement is straightforward: Lewis agreed to pay restitution for all losses *relating* to the offense of conviction and same of course of conduct.  The only question, then, is whether the deputy's injury and resulting time away from the job is "related" to what Lewis did.  Courts interpret plea agreements according to principles of contract law, *United States v. Lockwood*, 416 F.3d 604, 607 (7th Cir. 2005), and disputes over the meaning of terms in a plea agreement are questions of fact that we review only for plain error, *United States v. Jenkins*, 419 F.3d 614, 620 (7th Cir. 2005).  We have recognized that the scope of language like that in Lewis's plea agreement is broad.  *See, e.g., United States v. Day*, 418 F.3d 746, 757 n.8 (7th Cir. 2005); *Peterson*, 268 F.3d at 535; *United States v. Barrett*, 51 F.3d 86, 89 n.2 (7th Cir. 1995).  In this case the deputy was injured while apprehending Lewis after he tried to pass a counterfeit check, one of many including the check identified in the count of conviction.  The deputy's injury certainly was "related"—the word simply means "associated" or "connected"—to the offense of conviction and the course of conduct it was part of, and Lewis does not contend otherwise.  Instead he asserts that he agreed only to pay restitution for losses that were "substantially connected" to the offense of conviction, but that is not what the plea agreement says.  Accordingly, we cannot conclude that the district court committed clear error in finding that the deputy's injury was "related" to Lewis's offense and course of conduct, and that the plea agreement allowed restitution including payment to the insurance company for that injury.  *See Jenkins*, 419 F.3d at 620.

The case is REMANDED for the limited purpose of reducing the award of restitution by $852.84, the total value of the three counterfeit checks that were not presented for payment. In all other respects, the judgment of the district court is AFFIRMED.