UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 27, 2006[*]
Decided October 2, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-1256

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> DEBORAH HOOKER, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division <br><br> No. 03-CR-1188 <br><br> Ronald A Guzmán, <br> *Judge.* |

**O R D E R**

Deborah Hooker was accused of misappropriating approximately $1.6 million from CDI Network, Inc., and Computer Documents, Inc., two related companies where she had been employed as a bookkeeper. She was charged with four counts of mail fraud, 18 U.S.C. § 1341, five counts of transporting forged securities in interstate commerce, *id.* § 2314, and two counts of possessing and uttering forged securities, *id.* § 513(a). As an accomplice in her scheme, Hooker's husband was also charged with two counts of transporting forged securities in interstate commerce, *id.* § 2314, and two counts of possessing and uttering forged securities, *id.* § 513(a).

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

At trial Walter Schenk, the owner and manager of the companies, and Larry Kwiat, their outside auditor, testified that they discovered that Hooker had written unauthorized checks on corporate accounts to her own creditors as well as to her cousin, Cliff Meredith. Schenk stated that the checks purporting to bear his signature were forged and that he recognized the handwriting as Hooker's. Kwiat recounted that when he confronted Hooker about the checks she admitted taking money belonging to the companies and agreed to repay it. In addition, one of Hooker's co-workers testified that she saw Hooker receive packages full of banded stacks of money that Hooker explained came from Meredith, who lived in Kentucky. Finally, two investigators for the FBI testified that Hooker had forged 153 checks totaling $1,819,931.62 and that the checks at issue were sent back and forth between Hooker and Meredith via Federal Express.

The jury deliberated for two hours before finding Hooker guilty on all counts, and the district court sentenced her to the highest end of the guidelines imprisonment range——51 months—— because of the "casualness" with which she committed the crimes and because she showed "no hint of remorse." The court also ordered Hooker to pay approximately $1.1 million in restitution, an amount agreed upon by the parties. Hooker filed a notice of appeal, but her appointed counsel has moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he is unable to find a nonfrivolous basis for appeal. We informed Hooker that she could respond to counsel's motion, *see* Cir. R. 51(b), but she has not done so. Our review is thus limited to the points discussed in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Hooker might argue that the jury did not properly consider the evidence or discharge its duties because it deliberated for only two hours. We will consider the length of the deliberations only where we have reason to suspect that the jury disregarded its instructions or otherwise failed in its duty, *United States v. Cunningham*, 108 F.3d 120, 124 (7th Cir. 1997), and we agree with counsel that there is nothing in the record suggesting improper conduct on the part of the jurors.

Counsel next considers whether Hooker might argue that the district court erred in denying her motion for judgment of acquittal under Federal Rule of Criminal Procedure 29. A district court should deny such a motion unless there is insufficient evidence to sustain the conviction. *United States v. Hausmann*, 345 F.3d 952, 955 (7th Cir. 2003).

To prevail on the mail-fraud charges under § 1341, the government was required to prove beyond a reasonable doubt that Hooker 1) participated in a scheme to defraud, 2) intended to defraud, and 3) used the United States mail or a private carrier to further her scheme. *United States v. Vincent*, 416 F.3d 593, 600 (7th Cir.

2005).  To convict Hooker of transporting securities in interstate commerce in violation of § 2314, the government had to prove that 1) she or others acting at her direction transported securities——in this case checks drawn on company accounts——in interstate commerce, 2) the checks were forged when they were transported, 3) Hooker knew the checks were forged when they were transported, and 4) she acted with unlawful or fraudulent intent.  *United States v. Jaderany*, 221 F.3d 989, 992 (7th Cir. 2000).  Finally, to prevail on the charges that Hooker possessed and uttered forged checks in violation of § 513(a), the government had to prove that 1) Hooker possessed or uttered a forged check drawn on a corporate account, and 2) she did so with the intent to deceive a person or organization. *United States v. Lee*, 439 F.3d 381, 385 (7th Cir. 2006).  The government presented evidence that Hooker forged 153 company checks and sent them out of state where they were either used to pay her debts or were cashed and mailed back to her in the form of currency.  Given this overwhelming evidence, we agree with counsel that an appeal based on the denial of Hooker's motion for judgment of acquittal would be frivolous.

Counsel also considers whether Hooker might argue about the length of her sentence or the amount of restitution she was ordered to pay.  First, we note that because Hooker agreed to the amount of restitution that the court ultimately ordered, any argument concerning the restitution amount would be frivolous.  *See* 18 U.S.C. § 3663A(a)(3); *United States v. Peterson*, 268 F.3d 533 (7th Cir. 2001) (explaining that restitution is limited to losses caused by counts of conviction, unless defendant agrees to pay more).  Regarding the length of Hooker's sentence, we have held that any sentence that falls within a correctly calculated guidelines range is presumptively reasonable.  *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).  Although Hooker argued that she deserved a sentence at the low end of the guidelines range because she had "done a lot of good things in her life," nothing in the record suggests that the district court failed to consider this contention in weighing all of the factors identified in 18 U.S.C. § 3553(a).  The district court fully explained its reasoning before sentencing Hooker within the properly calculated guidelines range, and thus we agree with counsel that any argument regarding the reasonableness of her sentence would also be frivolous.  *See United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006).

Counsel next considers whether Hooker could argue that her sentence at the highest end of her guidelines range is too severe relative to that of her husband and co-defendant, who was sentenced at the lowest end of his guidelines range.  Besides the obvious flaw in comparing the sentences of two defendants who were found guilty of a different number of counts, we have repeatedly stated that "a disparity among co-defendants' sentences is not a valid basis to challenge a guideline sentence otherwise correctly calculated."  *United States v. White*, 406 F.3d 827, 837 (7th Cir.

2005) (quotation marks and citation omitted); *accord United States v. Mendoza*, 457 F.3d 726, 730-31 (7th Cir. 2006).

Counsel lastly considers whether Hooker might argue that she was deprived of the effective assistance of trial counsel, but such a claim is better reserved for a collateral proceeding where the record may be fully developed.  See *Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.