NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 20, 2007
Decided March 21, 2007

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-3949

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>DEMETRIUS BARREN,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 1:02-CR-00752<br><br>Joan B. Gottschall,<br>*Judge.* |

**O R D E R**

Demetrius Barren conducted a real estate scam in Chicago, where he bought approximately 48 dilapidated houses, hired appraisers to inflate their value, and resold them at much higher prices. Barren also falsified employment records and earning statements to help buyers purchase houses despite insufficient income, and forged at least one buyer's signature on a real estate contract. The FBI caught on to Barren's scheme, and he was indicted on several counts of mail and wire fraud. *See* 18 U.S.C. §§ 1341, 1343. At trial complicit appraisers, mortgage brokers, and home buyers testified about their involvement in the scheme. In 2005 a jury found Barren guilty. After the verdicts, he moved for a judgment of acquittal or, alternatively, a new trial, but both motions were denied. Barren was sentenced to a total of 51 months' imprisonment and ordered to pay $860,983 in restitution. He

filed a notice of appeal, but his newly appointed appellate counsel moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he can not discern any nonfrivolous arguments to pursue. Barren filed a response opposing his attorney's motion. *See* Cir. R. 51(b). Our review is limited to the potential issues identified in counsel's facially adequate brief and in Barren's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Barren might argue that the district court improperly overruled the numerous objections Barren made during trial, in particular during the government's closing argument. We review rulings on objections to evidence and argument for an abuse of discretion. *See United States v. Green*, 258 F.3d 683, 693 (7th Cir. 2001); *United States v. Ward*, 211 F.3d 356, 365 (7th Cir. 2000). After reviewing the trial transcript, we agree with counsel that any argument about the unsuccessful objections would be frivolous. The majority of Barren's objections challenged the government for asking leading questions during its direct examination of witnesses, but in many cases the government was setting forth background information, for example, confirming that the witness worked for Barren. *See* Fed. R. Evid. 611(c) (permitting leading questions on direct examination to develop witness's testimony); *United States v. O'Brien*, 618 F.2d 1234, 1242 (7th Cir. 1980) (discussing Rule 611(c)). Barren also objected to portions of the government's closing argument, but could not explain the grounds for his challenges. We therefore agree with counsel that arguments about the district court's rulings on objections would be frivolous.

Counsel next questions whether the district court erred in denying Barren's motion for a judgment of acquittal after the jury's verdict. *See* Fed. R. Crim. P. 29(c). We review the denial of such motions de novo, but will reverse only if the record is devoid of evidence from which a rational jury could find the defendant guilty beyond a reasonable doubt. *United States v. Alhalabi*, 443 F.3d 605, 613 (7th Cir. 2006). Given the incriminating testimony of the many participants in the scheme, along with the falsified earnings and employment records Barren created for home buyers, we agree with counsel that an argument concerning the motion for a judgment of acquittal would be frivolous.

Counsel next considers challenging the guidelines loss calculation. A district court's finding on the amount of loss in calculating the guidelines range is reviewed for clear error. *See United States v. Al-Shahin*, 474 F.3d 941, 950 (7th Cir. 2007). To successfully challenge a district court's loss calculation, a defendant must show that the court's determination was "'not only inaccurate, but outside the realm of permissible computations.'" *United States v. Peterson-Knox*, 471 F.3d 816, 822 (7th Cir. 2006) (quoting *United States v. Lopez*, 222 F.23d 428, 437 (7th Cir. 2000)). In an addendum to the presentence report, the probation officer calculated a loss amount of $860,983 by adding the figures reported by HomEq Mortgage Loan

Servicing, Bank of America, and Litton Loan Services. The probation officer stated that mortgage companies that lent money for an additional 12 properties did not provide loss information, so the loss total was undoubtedly understated. Given the information in the presentence report, we could not conclude that the loss calculation was outside the realm of permissible computations, and agree with counsel that any argument regarding the loss finding would be frivolous.

Counsel also considers challenging the district court's restitution award. Barren did not object to the restitution amount during sentencing, so our review would be for plain error. *See United States v. Alburay*, 415 F.3d 782, 789 (7th Cir. 2005). To calculate the restitution amount, the district court must determine the loss caused by the crime, minus the value of any returned property. *See United States v. Leahy*, 464 F.3d 773, 793 (7th Cir. 2006). We will disturb a restitution order only if the district court relied upon inappropriate factors when it exercised its discretion, or if it failed to exercise any discretion at all. *See United States v. Havens*, 424 F.3d 535, 538 (7th Cir. 2005). In his *Anders* brief, counsel incorrectly assumes that the loss calculations for purposes of the guidelines and for restitution are necessarily equal, but restitution must be based on actual losses to specific victims. *See United States v. Seward*, 272 F.3d 831, 839 (7th Cir. 2001); *United States v. Behrman*, 235 F.3d 1049, 1052 (7th Cir. 2000); *United States v. Minneman*, 143 F.3d 274, 284-85 (7th Cir. 1998). Nevertheless, we could not find plain error on this record. The loss amounts reported by the three restitution recipients roughly approximate the total of their loans less the amounts that Barren paid for the houses securing the loans, so it appears that the restitution that was awarded is tied to actual losses. We therefore agree with counsel that any such challenges would be frivolous.

Counsel last questions whether Barren might challenge the overall prison sentence imposed. We review sentences imposed by the district court for reasonableness. *United States v. Acosta*, 474 F.3d 999, 1001 (7th Cir. 2007). After determining Barren's total offense level to be 23 and his criminal history to be Category Two, the district court sentenced him to 51 months' imprisonment, the low end of the advisory guidelines range. We agree with counsel that nothing in the record supports a lower sentence under 18 U.S.C. § 3553, thus any potential arguments about Barren's sentence would be frivolous.

In his Rule 51(b) response, Barren first argues that 18 U.S.C. § 3231 was never enacted, and thus the district court had no subject-matter jurisdiction in this case. This argument is frivolous. *See Derleth v. United States*, No. 5:05-cv-205, 2006 WL 1804618, at *2-5 (S.D. Tex. June 27, 2006). Barren also contends that he should not have been convicted of wire fraud under 18 U.S.C. § 1343 because, he argues, his crimes did not involve interstate commerce. Section 1343 provides that, "whoever, having devised . . . any scheme or artifice to defraud . . . transmits or

causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds . . . shall be fined . . . or imprisoned not more than 20 years, or both." 18 U.S.C. § 1343. All four of the § 1343 counts involved communications—wire transfers or faxes—between Chicago and locations out of state, so Barren's execution of the scheme satisfied the commerce element of the statute. *See United States v. O'Brien*, 119 F.3d 523, 532 (7th Cir. 1997). Therefore, this argument is also frivolous.

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.