**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted April 4, 2007
Decided April 11, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-3985

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 06-CR-121-C-01 |
| STUART G. KURSCHNER, *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge*. |

**O R D E R**

After an inventory revealed that hundreds of its computers were missing, Luther Midelfort Hospital used video surveillance to capture employee Stuart Kurschner stealing the machines.  Hospital administrators then set up a "sting" and bought back several of the computers on eBay, where Kurschner was peddling them.  Kurschner pleaded guilty to interstate transportation of stolen property, 18 U.S.C. § 2314, and the district court sentenced him to 18 months' imprisonment, three years' supervised release, a $100 special assessment, and $211,694 in restitution.  Kurschner filed a notice of appeal, but his appointed counsel now moves to withdraw because he is unable to discern a nonfrivolous basis for the appeal.  *See Anders v. California*, 386 U.S. 738 (1967).  Kurschner did not answer our invitation under Circuit Rule 51(b) to respond to counsel's motion, so we limit our review to the potential arguments identified in counsel's brief.  *See United*

*States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002); *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

Kurschner has given no indication that he wants his guilty plea set aside, so counsel appropriately has omitted any discussion of the adequacy of the plea colloquy or the voluntariness of his plea. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002). Instead, counsel considers potential challenges to the court's application of the sentencing guidelines, the reasonableness of Kurschner's prison sentence, and the amount of restitution.

Counsel first considers whether Kurschner could challenge the district court's finding that his crime caused $120,000 to $200,000 in loss; that finding increased Kurschner's offense level by ten levels, *see* U.S.S.G. § 2B1.1(b)(1)(F). Kurschner initially objected when the probation officer proposed a loss amount within this range, arguing that the figure incorrectly included all of the hospital's missing computers rather than just those traceable to his eBay sales. But counsel correctly concludes that, by explicitly withdrawing the objection at sentencing, Kurschner waived the argument on appeal. *See United States v. Sensmeier*, 361 F.3d 982, 986 (7th Cir. 2004); *United States v. Cunningham*, 405 F.3d 497, 502 (7th Cir. 2005).

Counsel next considers whether Kurschner could argue that his 18-month term of imprisonment, which falls at the bottom of the advisory guidelines range, is unreasonable because restitution is adequate to punish Kurschner for a nonviolent crime that caused only financial harm. Counsel rightly acknowledges our presumption of reasonableness for a sentence within the guidelines range. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). While we are mindful that the Supreme Court has granted a writ of certiorari to decide whether that presumption is consistent with *United States v. Booker*, 543 U.S. 220 (2005), *see United States v. Rita*, No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert. granted*, 75 U.S.L.W. 3246 (U.S. Nov. 3, 2006) (No. 06-5754), we would uphold the sentence even without the presumption. The district court meaningfully considered the statutory sentencing factors, *see* 18 U.S.C. § 3553(a), including Kurschner's limited criminal history and his "minimal risk for reoffending." But the court reasoned that an 18-month prison term was appropriate because Kurschner stole computers repeatedly for 28 months, caused substantial monetary loss to the hospital, and involved his teenage son in the criminal scheme (his son removed bar codes from the computers before Kurschner shipped them to buyers). Given the court's careful weighing of these factors, counsel properly concludes that it would be frivolous to challenge the reasonableness of Kurschner's sentence.

Finally, counsel considers whether Kurschner should challenge a sliver of the $211,694 restitution amount. The hospital included in its declaration of losses the costs of its inventory and "sting" operation, including the $1750 that it paid out in

employee benefits (calculated at 20% of the hourly wage, or $4.29 per hour). Kurschner preserved an objection to the $1750, arguing that the hospital would have paid out employee benefits even if its employees had not been investigating the missing computers. Counsel now considers whether Kurschner could argue that the employee benefits were not recoverable as "expenses incurred during participation in the investigation" of the computer thefts, *see* 18 U.S.C. § 3663A(b)(4). Counsel notes that our review of the district court's restitution calculation would be for an abuse of discretion. *United States v. Havens*, 424 F.3d 535, 538 (7th Cir. 2005). And we would disturb a restitution order "only if the district court relied upon inappropriate factors when it exercised its discretion or failed to use any discretion at all." *Id.*

We are skeptical about counsel's suggestion that § 3663A(b)(4), which mandates reimbursement for lost income, child-care costs, transportation, and other expenses "incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense," necessarily forecloses a challenge to the inclusion of employee benefits paid during the hospital's private investigation. Section 3663A(b)(4) arguably refers to the cost of the *official* investigation and prosecution of a crime, and we are aware of no case using that section to justify restitution for the costs of a victim's private investigation. *Cf. United States v. Donaby*, 349 F.3d 1046, 1054-55 (7th Cir. 2003) (citing with approval *Moore v. United States*, 178 F.3d 994 (8th Cir. 1999), which upheld district court's application of § 3663A(b)(4) to order reimbursement of witness who lost income because he "gave statements to the police, identified the suspects, and prepared for and testified at trial"); *United States v. Phillips*, 477 F.3d 215, (5th Cir. 2007) (holding that university's costs in collaborating with official investigation were reimbursable under § 3663A(b)(4)); *United States v. Gordon*, 393 F.3d 1044, 1057 (9th Cir. 2004) (holding that investment firm's investigation of employee's transactions reimbursable as restitution under § 3663A(b)(4) because it was "in aid of the proceedings").

Nevertheless, we agree with counsel that it would be frivolous to challenge the $1750 in employee benefits. In his plea agreement Kurschner agreed to pay restitution for "all losses relating to the offense of conviction and all losses covered by the same course of conduct or common scheme or plan." Kurschner further agreed that the court would determine the restitution amount in the event of a dispute. Here, the district court resolved the dispute in favor of the government, reasoning that the hospital's investigation into Kurschner's crime deprived the hospital of the normal benefit of its employees' labor and that the entire cost of that labor—both in wages and in a percentage of employee benefits—was properly included as a loss subject to restitution. It would be frivolous to argue that the district court abused its discretion—which was broadened by the terms of the plea agreement*, see United States v. Peterson*, 268 F.3d 533, 535 (7th Cir. 2001)—by

including the $1750 in the restitution amount.  *Cf. United States v. Scott*, 405 F.3d 615, 619 (7th Cir. 2005) (employer's audit expenses reimbursable as restitution); *Havens*, 424 F.3d 535, 539 (7th Cir. 2005) (credit fraud victim's expenses related to restoring her credit reimbursable as restitution).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.