UNITED STATES of America, Appellee,

v.

Milton GOTTESMAN, Defendant–
Appellant.

No. 1505, Docket 96–1674.

United States Court of Appeals,
Second Circuit.

Argued May 20, 1997.

Decided Sept. 3, 1997.

David A. Lewis, The Legal Aid Society, Federal Defender Division Appeals Bureau, New York City, for Appellant.

Alex Young K. Oh, Assistant United States Attorney, Southern District of New York, New York City, for Appellee.

Before: WALKER, McLAUGHLIN, and PARKER, Circuit Judges.

McLAUGHLIN, Circuit Judge:

## BACKGROUND

In February 1996, the government charged Milton Gottesman in a two-count information. Count One charged Gottesman with making a false Application for Automatic Extension of Time to File a United States Individual Tax Return, in each year from 1988 through 1991, in violation of 26 U.S.C. § 7206(1). Count Two charged him with failing to file income tax returns for 1988 through 1991, in violation of 26 U.S.C. § 7203.

Gottesman waived his right to be charged in an indictment and pled guilty to both counts in the information pursuant to a written plea agreement. The plea agreement contained a paragraph which read:

It is understood that, prior to the date of sentencing, [Milton Gottesman] shall file accurate income tax returns for the years 1986 through 1991. Milton Gottesman will pay past taxes due and owing to the Internal Revenue Service ("IRS") by him for the calendar years 1986 through 1991, including any applicable penalties, on such terms and conditions as will be agreed upon between Milton Gottesman and the IRS.

The Agreement also contained a typical merger clause stating that "[t]here are no promises, agreements, or understandings between this Office, the Tax Division, Department of Justice, and the Defendant other than those set forth herein." The plea

agreement was silent as to the applicable Sentencing Guidelines.

Gottesman entered his guilty plea before Judge Sonia Sotomayor (S.D.N.Y.). During the plea colloquy, there was no mention, either by Judge Sotomayor or the prosecutor, of the possibility that Gottesman would be subject to court-ordered restitution. Judge Sotomayor accepted Gottesman's plea and set a date for sentencing.

The Probation Department then prepared a Presentence Report. It determined that the 1991 Sentencing Guidelines applied and that under section 1B1.3 thereof, the district judge might consider the defendant's "relevant conduct" when setting a sentence. Relevant conduct can include acts that did not form the basis of a charge in the indictment or information. The Probation Department thus concluded that Gottesman's relevant conduct included not only the tax evasion from 1988 through 1991 (for which he was charged and to which he pled guilty), but also tax evasion from 1986 through 1987.

The Probation Department determined that the loss of tax revenue from 1986 though 1987 was $83,426, and the loss of tax revenue from 1988 through 1991 was $166,016, for a total loss of tax revenue of $249,442. Under section 2T4.1 of the 1991 Guidelines, when a defendant causes over $200,000 in tax loss, the applicable offense level is 14 and the Probation Department recommended that Judge Sotomayor reduce it by two levels under section 3E1.1(a) for Gottesman's acceptance of responsibility. With the final offense level of twelve, and Gottesman's Criminal History Category of I, the applicable sentencing range was ten to sixteen months.

In October 1996, Judge Sotomayor, noting that Gottesman had not filed tax returns for twenty years, sentenced Gottesman to 12 months' imprisonment, followed by one year of supervised release. She also required that, at the end of his supervised release, Gottesman sign a confession of judgment and make full restitution of the $249,442. Judge Sotomayor ordered that Gottesman pay the government 10% of his income until the full tax debt was paid.

Gottesman appeals the portion of his sentence ordering him to make restitution.

## DISCUSSION

Gottesman's sole argument on appeal is that a court's power to award restitution is statutory, and no statute allowed Judge Sotomayor to order restitution for violations of Title 26, the Title under which Gottesman was convicted.

### A. Court–Ordered Restitution in Title 26 Cases

■ "Federal courts have no inherent power to order restitution. Such authority must be conferred by Congress" through statute. *United States v. Helmsley*, 941 F.2d 71, 101 (2d Cir.1991). Section 3663 of Title 18 of the United States Code is the statute that empowers a sentencing court to order restitution. This section specifies the crimes for which a court may order restitution; and the tax crimes of Title 26 are not listed. However, § 3663(a)(3) provides that a sentencing court "may ... order restitution in *any* criminal case to the extent agreed to by the parties in a plea agreement." 18 U.S.C. § 3663(a)(3) (emphasis added); *see United States v. Silkowski*, 32 F.3d 682, 689 (2d Cir.1994).

The government contends that the language of the agreement that "Gottesman will pay past taxes due and owing to the IRS,.. . on such terms and conditions as will be agreed upon between ... Gottesman and the IRS," is sufficient under 18 U.S.C. § 3663(a)(3) to empower the district court to order restitution for the amount of taxes due and owing. Gottesman answers that he never agreed to court-ordered restitution, and thus § 3663(a)(3) has no application. Gottesman asserts that he agreed only to pay back taxes according to a plan later to be negotiated between himself and the IRS—not as ordered by a court. And no such plan was ever negotiated.

### B. Language in Plea Agreements Contemplating Court–Ordered Restitution

■ Not to put too fine a point on it (as Snagsby was wont to say in *Bleak House* ), it

would seem self-evident that for a court to order restitution under § 3663(a)(3), the plea agreement might be expected to mention the word "restitution." In *United States v. Broughton–Jones,* the defendant argued that the district court erred in ordering him to pay restitution in an amount greater than the loss attributable to the offense of conviction. 71 F.3d 1143, 1147–48 (4th Cir.1995). The Fourth Circuit, reasoning that under 18 U.S.C. § 3663(a)(3) a sentencing court could order restitution in any amount agreed to in a plea agreement, and that such an agreement "may authorize restitution in an amount greater than the loss attributable to the offense of conviction[,]" examined the plea agreement to discern if there was any arrangement regarding restitution. *Id.* at 1147–48. The court held that, because restitution was not mentioned in the plea agreement, the district court could not order restitution under 18 U.S.C. § 3663(a)(3).

Here, while the plea agreement does not include the word "restitution", it is certain that the government anticipated some tax payment by Gottesman. The only question is whether Gottesman understood that these reparations could be ordered by a court.

Section 3663(a)(3) is straightforward: "court[s] may also order restitution in any criminal case *to the extent* agreed to by the parties in the plea agreement." 18 U.S.C. § 3663(a)(3) (emphasis added). Two consequences flow from this language. First, the court can order restitution only in an amount not to exceed that agreed upon by the parties. *See, e.g., United States v. Bartsh,* 985 F.2d 930, 933 (8th Cir.1993). Second, a court can order restitution only if the parties agreed that a *court* may do so. *Cf., e.g., Silkowski,* 32 F.3d at 689; *United States v. Stover,* 93 F.3d 1379, 1382 (8th Cir.1996); *United States v. Osborn,* 58 F.3d 387, 388 (8th Cir.1995).

In *United States v. Stout,* the Fifth Circuit faced circumstances analogous to those presented in this appeal. *See* 32 F.3d 901 (5th Cir.1994). `In *Stout,* the defendant promised in his written plea agreement to "resolve" his tax liability. The sentencing judge ordered the defendant to make restitution of his tax liability as a condition of his supervised re-

lease. On appeal, the defendant argued that he never promised "to *pay* those taxes or to make restitution[, but] that he was obligated only to *negotiate* a settlement with the IRS." *Id.* at 904. The Fifth Circuit agreed and held that because the defendant never promised in the plea agreement to pay restitution, agreeing only to "resolve" his tax liability, the district court was not empowered to order restitution.

■ The need for precise language in § 3663(a)(3) cases is driven by the policy that plea agreements, like contracts, are instruments used to protect the rights and expectations of the parties. *See United States v. Harvey,* 791 F.2d 294, 300 (4th Cir.1986). Hence, plea agreements get a contract law analysis, *see United States v. Yemitan,* 70 F.3d 746, 747 (2d Cir.1995), tempered with an awareness of "due process concerns for fairness and ... adequacy," *United States v. Ready,* 82 F.3d 551, 558 (2d Cir.1996) (internal quotations and citations omitted).

■ As with any contract in which the drafting party has an overwhelmingly superior bargaining position, plea agreements are construed strictly against the government. *See Ready,* 82 F.3d at 559. Here, the district court failed to guard Gottesman's expectations. While the government certainly contemplated that Gottesman would make tax payments, it was also apparent that the terms of payment were yet to be negotiated by Gottesman and the IRS—not imposed by court order. The plea agreement plainly states that Gottesman "will pay past taxes due and owing ... on such terms and conditions as will be agreed upon between Milton Gottesman and the IRS." The agreement, in no uncertain terms, reserved for Gottesman the right to negotiate a method of payment with the IRS. Court-ordered restitution, with a court-devised payment plan, was not part of the bargain.

We have recognized in the Rule 11 context a similar need for precision of language to protect a defendant's expectations in a plea agreement. In *United States v. Showerman,* 68 F.3d 1524, 1528 (2d Cir.1995), this Court reviewed a defendant's claim that the district court violated Federal Rule of Criminal Pro-

cedure 11(c) when it failed to mention during the plea allocution the possibility that the defendant would be subject to an order of restitution. *See* Fed.R.Crim.P. 11(c)(1) ("the court must address the defendant personally ... and inform [him] ... that the court may ... order the defendant to make restitution to any victim of the offense"). The district court in *Showerman* made no mention of restitution during the plea colloquy, and the plea agreement, while it mentioned the defendant's agreement to make restitution, "made no reference to the *court's power* to order restitution as part of the sentence." *Showerman*, 68 F.3d at 1528 (emphasis added). The *Showerman* court therefore vacated the sentence and remanded the case to the district court for a new Rule 11 hearing.

Because the agreement between Gottesman and the government did not contemplate court-ordered restitution, the district court did not have the power to order restitution under 18 U.S.C. § 3663(a)(3).

We vacate only that portion of the district court's sentence that imposed restitution, and otherwise affirm the sentence. We therefore remand to the district court with instructions to withdraw its direction to make restitution. *See* 18 U.S.C. § 3742(f)(1).

### CONCLUSION

Accordingly, we vacate that portion of the district court's sentence that imposes an order of restitution, otherwise affirm the sentence, and remand to the district court for a disposition consistent with this opinion.