# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued September 12, 2008      Decided November 14, 2008

No. 07-3045

UNITED STATES OF AMERICA,
APPELLEE

v.

WALTER ANDERSON,
APPELLANT

———

No. 07-3053

UNITED STATES OF AMERICA,
APPELLANT

v.

WALTER ANDERSON,
APPELLEE

———

Appeals from the United States District Court
for the District of Columbia
(No. 05cr00066-01)

———

*Tony Axam Jr.*, Assistant Federal Public Defender, argued the cause for the appellant/cross-appellee. *A. J. Kramer*, Federal Public Defender, was on brief. *Neil H. Jaffee* and *Michelle M. Peterson*, Assistant Federal Public Defenders, entered appearances.

*Elissa R. Hart-Mahan*, Attorney, United States Department of Justice, argued the cause for the appellee/cross-appellant. *Nathan J. Hochman*, Assistant Attorney General, *Jeffrey A. Taylor*, United States Attorney, and *Alan Hechtkopf*, Attorney, were on brief.

Before: GINSBURG, HENDERSON and GARLAND, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* HENDERSON.

KAREN LECRAFT HENDERSON, *Circuit Judge*: Walter Anderson pleaded guilty to two counts of federal income tax evasion, 26 U.S.C. § 7201, and one count of first degree fraud in violation of the Code of the District of Columbia. D.C. Code § 22-3221(a). The district court sentenced Anderson to 108 months' imprisonment on the federal counts and four years' imprisonment (concurrent) on the fraud count and ordered him, on the fraud count, to pay restitution in the amount of $22,809,032 to the District of Columbia (District). The district court utilized the 2001 version of the United States Sentencing Guidelines (2001 Guidelines) but also made clear that the same sentence was appropriate under the 2000 version thereof (2000 Guidelines). Anderson appeals his sentence, arguing that the district court's use of the 2001 Guidelines violated the Ex Post Facto Clause of Article I, Section 9 of the United States Constitution and in the alternative that the sentence of imprisonment is unreasonable. The government cross-appeals the district court's denial of restitution to the United States as part of Anderson's sentence on the two federal counts. We affirm the sentence of imprisonment but remand the federal

restitution issue to the district court for further proceedings consistent with this opinion.

**I.**

On September 30, 2005, a federal grand jury returned a superseding indictment charging Anderson with one count of corruptly obstructing, impeding and impairing the due administration of the Internal Revenue laws, 26 U.S.C. § 7212(a), five counts of federal tax evasion, 26 U.S.C. § 7201, and six counts of fraud in the first degree in violation of section 3221(a) of Title 22 of the D.C. Code. The 29-page indictment charged Anderson with using a complex scheme involving several foreign corporations to conceal approximately $450 million in earnings between 1995 and 1999. Anderson was charged with not reporting the earnings to the United States or to the District and evading payment of more than $200 million in federal income taxes and District use taxes.

On September 8, 2006, Anderson and the government entered into a plea agreement. Anderson agreed to plead guilty to two counts of federal income tax evasion covering the 1998 and 1999 tax years and one count of fraud in the first degree based on conduct occurring from January 1999 through approximately October 23, 2000. Anderson and the government agreed to a maximum term of imprisonment of ten years. They agreed that the district court "is obligated to calculate and consider, but is not bound by, the United States Sentencing Guidelines (*2001*)." Plea Agreement at 1, *United States v. Anderson*, Cr. No. 05-0066 (D.D.C. filed Sept. 8, 2006) (Plea Agreement) (emphasis added). They also agreed that the federal tax loss exceeded $100 million for the purpose of calculating a sentence under the Guidelines. And finally, Anderson "agree[d] that the court may order restitution *pursuant to 18 U.S.C. § 3572* and 16 D.C. Code § 711." *Id.* at 2 (emphasis added). On September 8, 2006, Anderson pleaded guilty to the three counts pursuant to the plea agreement.

In its sentencing memorandum, the government requested a ten-year term of imprisonment and full restitution to the United States and to the District on the counts to which Anderson pleaded guilty. The government also asserted that the plea agreement obligated the district court to calculate and consider the 2001 Guidelines. In his reply to the government's sentencing memorandum, Anderson argued for the first time that the *2000* version of the Guidelines should apply because the 2001 Guidelines were not in effect at the time the federal offenses were committed. The district court decided to use the 2001 Guidelines as specified in the plea agreement.

At the sentencing hearing, the government requested restitution as a condition of supervised release. The district court concluded that it could impose neither supervised release nor restitution as a condition of supervised release, an issue the government does not appeal.[1] The government then requested restitution to the United States, relying on the plea agreement and on 18 U.S.C. § 3663(a)(3). Nevertheless, the district court held that, because the plea agreement referenced 18 U.S.C. § 3572, which covers fines, and not 18 U.S.C. § 3663, which covers restitution, it could not order restitution on the federal counts.[2]

---

[1]The district court concluded that under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties to a plea agreement must agree to a term of supervised release for the court to order supervised release. Anderson did not agree to supervised release. Because the district court concluded it lacked authority to order supervised release, it also concluded it was without authority to order restitution as a condition of supervised release pursuant to 18 U.S.C. §§ 3583(d) and 3563(b)(2). As the government does not appeal these decisions, we express no opinion as to their merits.

[2]The government subsequently moved, pursuant to Fed. R. Crim. P. 35(a), to correct clear error, which motion the court denied. It

The district court sentenced Anderson to 60 months' imprisonment on the 1998 count and 48 months' imprisonment on the 1999 count, to be served consecutively. It also imposed a four-year concurrent sentence of imprisonment on the fraud count. The judge spelled out the factors that influenced his sentencing decision under 18 U.S.C. § 3553(a). Finally, Anderson was ordered to pay $22,809,032 in restitution to the District. In its Memorandum Opinion and Order filed the day after sentencing, the district court stated that it would have imposed the same sentence if it had used the 2000 Guidelines "after consideration of all factors under Section 3553(a)." Mem. Op. & Order at 2, *United States v. Anderson*, Cr. No. 05-0066 (D.D.C. filed Mar. 28, 2007) (Mem. Op.). Anderson timely appealed his sentence and the government timely cross-appealed.

## II.

Anderson makes two challenges to his sentence to wit: (1) the district court violated the Ex Post Facto Clause by using the 2001 Guidelines and (2) the sentence of 108 months' imprisonment is unreasonable.[3] The government cross-appeals the district court's failure to order restitution on the two federal counts.

### A. Ex Post Facto Clause

Anderson first contends that the district court violated the Ex Post Facto Clause when it used the 2001 Guidelines in

observed, however, "I hope the government will appeal me on [the federal restitution issue]." Sentencing Hr'g Tr. at 627, *United States v. Anderson*, Cr. No. 05-0066 (D.D.C. Mar. 27, 2007) (3/27/07 Sent. Tr.).

[3]Anderson does not challenge the court's ordering him to pay $22,809,032 in restitution to the District.

determining his sentence on the two federal counts. Our review of this question of law is de novo. *United States v. Dorcely*, 454 F.3d 366, 371 (D.C. Cir. 2006); *United States v. Alexander*, 331 F.3d 116, 130 (D.C. Cir. 2003).

Anderson was sentenced on March 27, 2007 and, at that time, the 2006 version of the Guidelines was in effect. It directed the court to "use the Guidelines Manual in effect on the date that the defendant is sentenced." U.S. Sentencing Guidelines Manual § 1B1.11(a) (2006) (U.S.S.G.). It also directed the court to apply the Guidelines Manual in effect when the "offense of conviction was committed" if applying a later version would violate the Ex Post Facto Clause. *Id.* at § 1B1.11(b); *see also United States v. Bolla*, 346 F.3d 1148, 1151 n.1 (D.C. Cir. 2003) ("[C]ourts must apply the Guidelines in effect on the date the offense was committed if using the Guidelines in effect at the time of sentencing would yield a longer sentence.").

Anderson's plea agreement recited that the district court "is obligated to calculate and consider, but is not bound by, the United States Sentencing Guidelines (2001)." Plea Agreement at 1. In his Reply to the Government's Memorandum in Aid of Sentencing filed before sentencing, however, Anderson asked the district court to consider the 2000 Guidelines because he committed the offenses in 1998 and 1999. At the sentencing hearing, the district court concluded that Anderson had waived any objection to its use of the 2001 Guidelines by entering into the plea agreement, which specified the 2001 version. The district court also indicated at the hearing that a 71-month sentence, the top of the sentencing range suggested under the 2000 Guidelines, would be insufficient. As noted earlier, the district court subsequently ruled in the alternative that it would have imposed the same sentence if it had consulted the 2000 version of the Guidelines. Because the district court determined Anderson's sentence using both the 2001 Guidelines and, in the

alternative, the 2000 Guidelines, which alternative sentencing we affirm as set forth *infra* at II.B., we need not reach Anderson's Ex Post Facto Clause challenge.

## B. Reasonableness of Sentence

Anderson next argues that his nine-year imprisonment sentence is unreasonable. In reviewing his sentence, we undertake a two-part inquiry of any legal error and of the "overall reasonableness" of the sentence in light of statutory sentencing factors. *United States v. Olivares*, 473 F.3d 1224, 1226 (D.C. Cir. 2006); *see United States v. Lawson*, 494 F.3d 1046, 1056-57 (D.C. Cir. 2007). We review substantive reasonableness under the abuse of discretion standard. *Gall v. United States*, 128 S.Ct. 586, 597 (2007).

Anderson first argues that the district court did not explain its upward departure from the recommended sentencing range under the 2000 Guidelines.[4] The sentencing court commits procedural error if it "fail[s] to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 128 S.Ct. at 597; *see also In re Sealed Case*, 527 F.3d 188, 193 (D.C. Cir. 2008) (vacating sentence based on failure to explain upward deviation from advisory Guidelines range). The district court here held in the alternative that it "would have imposed the same sentence, even if the [2000 Guidelines] were applicable, by varying upward under

---

[4]In its Memorandum Opinion and Order filed the day after sentencing, the district court imposed an alternative sentence using the 2000 Guidelines. Mem. Op. at 2. Because Anderson did not object to the court's alleged failure to explain the alternative sentence, we apply plain error review to this challenge. *See In re Sealed Case*, 527 F.3d 188, 191-92 (D.C. Cir. 2008) ("Appellant did not object to the district judge's failure to explain his reasons [for an above-Guidelines sentence] either orally or in writing . . . . We therefore review the sentence for plain error.").

*Booker* and the Section 3553(a) factors." Mem. Op. at 2. It further noted "after consideration of all factors under Section 3553(a) that [the nine-year imprisonment] sentence is the one that is 'sufficient but not greater than necessary.'" *Id.* (quoting 18 U.S.C. § 3533(a)). The district court had expressly considered the section 3553(a) factors during the sentencing hearing and it was therefore unnecessary to repeat them in its memorandum opinion and order issued thereafter.

Section 3553(a)(1) of Title 18 directs the district court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." The sentence must be "sufficient, but not greater than necessary . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). The sentence should also "afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B), and "protect the public from further crimes." *Id.* § 3553(a)(2)(C).

Anderson points to several mitigating factors that he claims the district court did not properly consider in sentencing him. According to Anderson, these factors included his exceptional work history in the telecommunications industry, favorable reputation as an honest and fair businessman, contributions to the development of outer space through commercial and non-profit entities, assistance to other inmates during his time in prison, strong relationships with family, relatively modest lifestyle and the fact that he did not embezzle money from an employer or harm individuals. Anderson also argued that the conditions of his pre-sentencing incarceration, which included seven months in solitary confinement, and a sealed matter supported a reduced sentence. Anderson further argued that his age and lack of a criminal history suggested a low probability for recidivism. He noted that he had already suffered severe collateral damage due to market forces, the IRS investigation and his criminal convictions. He also claimed that a lengthy

sentence was not necessary to promote respect for the law or to deter others from similar conduct.

In express recognition of the conditions and length of Anderson's pre-sentence incarceration and the sealed matter, the district court sentenced Anderson to one year less than the ten-year maximum permitted by the plea agreement. The district court emphasized the extent and seriousness of Anderson's conduct[5] and the need to promote respect for the law and deter others from similar conduct. Considering the magnitude of Anderson's crimes and the need for deterrence, we believe the district court justified the upward deviation from the 2000 Guidelines' advisory sentence range and, accordingly, the district court did not abuse its discretion in sentencing Anderson to 108 months' imprisonment.

## C. Government's Cross-Appeal
## (Restitution on Federal Counts)

The government cross-appeals the district court's ruling that it lacked authority to order restitution to the United States. While it ordered Anderson to pay $22,809,032 in restitution to the District on the fraud count, it concluded that the plea agreement did not authorize restitution to the United States. *United States v. Anderson*, 491 F. Supp. 2d 1, 12 (D.D.C. 2007). We interpret the terms of a plea agreement de novo. *United States v. Jones*, 58 F.3d 688, 691 (D.C. Cir. 1995).

Federal courts have authority to order restitution solely pursuant to statute. *United States v. Bok*, 156 F.3d 157, 166 (2d Cir. 1998) (citing *United States v. Helmsley*, 941 F.2d 71, 101 (2d Cir. 1991)). Section 3663(a)(1)(A) of Title 18 authorizes the court to order restitution if the defendant violates certain

---

[5]The district court observed, "This offense is serious. [Anderson] may be the largest tax evader in the history of the country. If not, he's close." 3/27/07 Sent. Tr. at 627.

criminal statutes set forth therein. The statutes do not include 26 U.S.C. § 7201, the statute Anderson pleaded guilty to violating. Nevertheless, the district court may also "order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." 18 U.S.C. § 3663(a)(3).

Anderson argues that the plea agreement is ambiguous as to restitution on the federal counts and should be interpreted against the government. *See United States v. Rodgers*, 101 F.3d 247, 253 (2d Cir. 1996) ("In determining whether any particular plea agreement has been breached, we look to the reasonable understanding of the parties and resolve any ambiguities in the agreement against the government.") (internal citation omitted). If the parties make clear that the district court is authorized to order restitution, however, then the use of an interpretive rule for resolving ambiguities is unnecessary. *See United States v. Heard*, 359 F.3d 544, 554 (D.C. Cir. 2004) (finding no ambiguity in plea agreement because defense counsel made clear at sentencing hearing that both parties agreed to leave resolution of issue to district court); *United States v. Gary*, 291 F.3d 30, 33 (D.C. Cir. 2002) (declining to construe plea agreement against drafter because agreement was not ambiguous); *United States v. Sparks*, 20 F.3d 476, 478 (D.C. Cir. 1994) (same).

In the section of the plea agreement entitled "Restitution," Anderson "agree[d] that the court may order restitution pursuant to 18 U.S.C. § 3572 and 16 D.C. Code § 711." Plea Agreement at 2. But section 3572 of Title 18, titled "Imposition of a sentence of fine and related matters," addresses, unsurprisingly, the imposition of a fine only. Subsection (a) lists several factors the district court should consider in imposing a fine. Subsection (b) states, "the court shall impose a fine or other monetary

penalty only to the extent that such fine or penalty will not impair the ability of the defendant to make restitution."[6]

The parties' citation to 18 U.S.C. § 3572 instead of 18 U.S.C. § 3663(a)(3) in the plea agreement does not preclude our finding that the parties nonetheless agreed that restitution could be ordered on the federal counts. First, section 3663(a)(3) does not require that the plea agreement expressly include the statutory basis for restitution. Moreover, the government persuasively explained the reference to section 3572 as a drafting mistake. If the parties had intended to authorize restitution to the District only, it would have been unnecessary to include any statute other than D.C. Code § 16-711. The reference to a federal statute, albeit an incorrect one, indicates the parties intended to authorize restitution to the United States as well as to the District. Most important, the conduct of the parties plainly reflects their understanding that the district court had the authority to order restitution to the United States in an amount to be determined by the court. During the plea hearing, the assistant United States attorney stated, "The only other thing I'd ask, that the government is also free to ask for restitution." Plea Tr. at 6, *United States v. Anderson*, Cr. No. 05-0066 (D.D.C. Sept. 8, 2006). Anderson's counsel stated that the parties had not agreed on an amount but that "[t]he government is free to seek restitution under the plea agreement, and we're free to propose alternatives or other suggestions to the Court." *Id.* at 16. Anderson's counsel later argued at sentencing that Anderson would be better able to make restitution if he served

---

[6]In contrast, the provision of the D.C. Code referenced in the plea agreement, D.C. Code § 16-711, authorizes the court to order "reasonable restitution or reparation." D.C. Code § 16-711 ("In criminal cases in the Superior Court, the court may, in addition to any other sentence imposed as a condition of probation or as a sentence itself, require a person convicted of any offense to make reasonable restitution or reparation.").

a shorter sentence. Specifically, counsel stated, "If Mr. Anderson is locked up for an extended period of time, he has very little likelihood of being able to . . . generate wealth with which to pay back the money that he owes the U.S. Government and the DC government." Sentencing Hr'g Tr. at 476, *United States v. Anderson*, Cr. No. 05-0066 (D.D.C. Mar. 23, 2007) (3/23/07 Sent. Tr.). And in his sentencing memorandum submitted before sentencing, Anderson claimed that he could not "be directed to pay restitution in an amount exceeding the tax loss related to the tax evasion counts to which he pleaded guilty." Def. Mem. in Aid of Sentencing at 58, *United States v. Anderson*, Cr. No. 05-0066 (D.D.C. filed Mar. 2, 2007).

In addition, Anderson's presentation of evidence at sentencing regarding the amount of federal tax loss supports the conclusion that restitution to the United States was contemplated by the parties. On the second day of the sentencing hearing, Anderson's expert witness proposed a lower federal tax loss and a higher D.C. tax loss than the losses the government had proposed. Anderson's *overall* proposed tax loss was lower than the government's proposal. Anderson had no reason to propose a *higher* D.C. tax loss if he believed that the district court had authority to order restitution to the District only. Nor did he have any reason to propose a *lower* federal tax loss if he did not believe the court had authority to order him to make restitution to the United States. Anderson's response that he presented evidence regarding the federal tax loss only because the D.C. tax loss depended on the federal loss is not supported by the record. Anderson's expert witness determined a lower federal tax loss by classifying certain income as long-term capital gains, which are taxed at a lower rate. According to Anderson's expert, the government classified the income differently, resulting in a higher tax rate and higher federal tax loss. Nevertheless, based on our review of the transcript portions included in the record on appeal, Anderson's expert did not testify that calculation of the federal tax loss was necessary to determine the District tax loss.

And the government's expert witness testified that he used Anderson's federal adjusted gross income computed by the IRS, not the federal tax loss, as a starting point to determine the taxes Anderson owed the District.

On the third day of the sentencing hearing, Anderson argued for the first time that 18 U.S.C. § 3572 related to fines and did not authorize the court to order restitution. His counsel then said, "But we're not arguing that that means he . . . can't be required to pay restitution if the court orders it." 3/23/07 Sent. Tr. at 521.

We conclude that the district court was authorized to order restitution to the United States pursuant to 18 U.S.C. § 3663(a)(3). The parties' conduct plainly evinced their intent that the district court could order restitution to both the United States and the District under the plea agreement. *See Heard*, 359 F.3d at 554 (parties' conduct at sentencing hearing clarified plea agreement).[7]

---

[7]The district court also concluded that it was without authority to order restitution on the separate ground that the parties had not agreed to an amount of restitution or to a method to determine restitution. Interpreting the phrase "to the extent agreed to by the parties" in 18 U.S.C. § 3663(a)(3), the district court stated that "even if . . . the plea agreement had been an agreement by [Anderson] that he *would* pay restitution, and even if it had cited to 18 U.S.C. § 3663(a)(3) instead of to 18 U.S.C. § 3572, there still would be no unambiguous meeting of the minds as to what was agreed." *Anderson*, 491 F. Supp. 2d at 11 (emphasis in original). To have a meeting of the minds on all essential terms, the court concluded, the parties had to have a "mutual understanding that [Anderson] would pay restitution and in what amount or, at the very least, how the amount of restitution would be determined." *Id.*

14

For the foregoing reasons, we affirm the district court's sentence of 108 months' imprisonment and its order of

---

Although we have not interpreted the phrase "to the extent agreed to by the parties," two of our sister circuits have. The Ninth and Second Circuits have upheld restitution orders under section 3663(a)(3) notwithstanding the parties did not specify an amount of restitution or a method to determine restitution. *See United States v. Phillips*, 174 F.3d 1074, 1076-77 (9th Cir. 1999) (restitution authorized when defendant agreed to plea agreement that recited, in part, "that the Court can order you to pay restitution for the full loss caused by your activities"); *United States v. Silkowski*, 32 F.3d 682, 685, 690 (2d Cir. 1994) (restitution authorized when defendant agreed "to make full restitution to the Social Security Administration for the full amount of the loss suffered by the Social Security Administration said amount of restitution and loss to be determined by the Court"). We believe that, while the parties may agree to a specific amount or to a cap on restitution, such an agreement is not required under section 3663(a)(3). *Cf. United States v. Gottesman*, 122 F.3d 150, 152 (2d Cir. 1997) (suggesting in dicta that phrase "to the extent agreed to by the parties" means court can "order restitution only in an amount not to exceed that agreed upon by the parties" but expressing no opinion as to whether parties must agree to amount); *United States v. Bartsh*, 985 F.2d 930, 932-33 (8th Cir. 1993) (upholding restitution order for amount below maximum amount agreed to by parties). The Seventh Circuit has also concluded that parties to a plea agreement need not agree to an amount of restitution under a statute *in pari materia*, 18 U.S.C. § 3663A(a)(3), which reads, "The court shall also order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense." *United States v. Peterson*, 268 F.3d 533, 534-35 (7th Cir. 2001). While section 3663A(a)(3) does not contain the phrase "to the extent agreed to by the parties," the Seventh Circuit's observation that it may be impossible in some cases for parties to reach an agreement if they are required to specify an amount of restitution would seem to fit section 3663(a)(3) as well. *See id.*

restitution to the District of Columbia. We reverse the district court's holding that it lacks authority to order restitution to the United States and remand for further proceedings consistent with this opinion.[8]

*So ordered.*

---

[8]As we have noted, the district court sentenced Anderson to four years' imprisonment (concurrent) on the fraud count. In its Memorandum Opinion and Order filed the day after sentencing, however, the district court increased the sentence on the fraud count to eight years' imprisonment. The original judgment, filed March 30, 2007, reflected the increased sentence on the fraud count. Also on March 30, 2007, Anderson moved to vacate that portion of the Memorandum Opinion and Order increasing the sentence on the fraud count. Anderson then filed his appeal on April 9, 2007. On April 16, 2007, the government joined in Anderson's motion to vacate the increased sentence of imprisonment on the fraud count. The government filed its appeal on May 1, 2007. On June 15, 2007, the district court granted Anderson's motion to vacate the increased sentence on the fraud count and filed an amended judgment reinstating the four-year sentence. We conclude that the district court was without jurisdiction to enter an amended judgment after the parties appealed and, accordingly, we vacate it. *See United States v. DeFries*, 129 F.3d 1293,1302 (D.C. Cir. 1997) ("The filing of a notice of appeal . . . 'confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal.'" (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam))); *cf.* Fed. R. App. P. 4(b)(5) (court can correct sentence under Fed. R. Crim. P. 35(a) notwithstanding filing of notice of appeal but only within seven days after sentencing). We also vacate that portion of the judgment entered on March 30, 2007, imposing an eight-year sentence on the fraud count and remand for resentencing on the fraud count consistent with this opinion.