UNITED STATES of America, Appellee

v.

Walter ANDERSON, Appellant.

No. 10–3023.

United States Court of Appeals,
District of Columbia Circuit.

Jan. 25, 2011.

Rehearing En Banc Denied
March 2, 2011.

Alan Hechtkopf, Elissa Righter Hart–Mahan, U.S. Department of Justice, Roy W. McLeese, III, Esquire, Assistant U.S. Attorney, Washington, DC, for Appellee.

Neil H. Jaffee, Assistant Federal Public Defender, A.J. Kramer, Federal Public Defender, Office of the Federal Public Defender, Washington, DC, for Appellant.

Before: GINSBURG and GARLAND, Circuit Judges, and EDWARDS, Senior Circuit Judge.

***JUDGMENT***

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs submitted by the parties. *See* FED. R.APP. P. 34(a)(2); D.C. CIR. R. 34(j). The court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed.

In September 2006, appellant Walter Anderson pled guilty to federal tax evasion for tax years 1998 and 1999, under 26 U.S.C. § 7201, and first-degree fraud under D.C. CODE § 22–3221(a). Anderson was sentenced to 108 months of imprisonment on the federal tax evasion counts, a sentence that we affirmed on appeal. *United States v. Anderson*, 545 F.3d 1072, 1076–77 (D.C.Cir.2008). The case was remanded in part, however, because the District Court erred in holding that it did not have the authority to award restitution for Anderson's federal convictions. *Id.* at 1079. We also remanded and vacated the District Court's sentence on the D.C. fraud conviction. Because the District Court had filed an amended judgment reducing Anderson's sentence from eight years of concurrent imprisonment to four years of concurrent imprisonment after the parties had filed their notices of appeal, we held that the District Court was without jurisdiction to issue an amended judgment after the parties' appeals and remanded for resentencing. *Id.* at 1080 n. 8. On remand, the District Court resentenced Anderson to four years of concurrent imprisonment on the D.C. fraud count. The court also ordered restitution for the federal convictions in an amount to be determined by the Tax Court in an ongoing proceeding.

Anderson contends that an order of the Tax Court—in a petition that he filed pursuant to 26 U.S.C. § 6213(a) to redetermine deficiencies for tax years 1995 through 1999—should have been considered by the District Court in its decision to require Anderson to pay restitution to the United States and in its resentencing of Anderson to four years of concurrent imprisonment on the D.C. fraud count. Anderson also seeks his immediate release from custody as a result of the IRS's concession of all tax and penalty issues for tax years 1995 through 1997 in the Tax Court. We reject these claims.

First, Anderson argues that the doctrine of issue preclusion required the District Court to consider the IRS's concessions in the Tax Court of all tax and penalty issues for tax years 1995 through 1997. Anderson contends that, because the issues relating to the 1995 through 1997 tax years are identical to those for tax years 1998 and 1999, the IRS's concessions for the earlier years are relevant to his liability for the later years. For issue preclusion to apply, however, "the issue must have been actually and necessarily determined by a court of competent jurisdiction in [a] prior case." *Martin v. Dep't of Justice*, 488 F.3d 446, 454 (D.C.Cir.2007) (quoting *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C.Cir.1992)). Furthermore, "[w]hen one party to a tax case concedes or stipulates the issue upon which the court bases its judgment, the issue is not conclusively determined for purposes of collateral estoppel unless it is clear that the parties so intended." *Anderson, Clayton & Co. v. United States*, 562 F.2d 972, 992 (5th Cir.1977). Here, the issue of whether Anderson committed fraud in 1998 or 1999 could not have been "actually and necessarily determined" in the Tax Court in connection with the court's disposition of the matters relating to the 1995 through 1997 tax years, because the IRS plainly did not intend for its concessions with respect to 1995 through 1997 to be binding for other tax years. *See* Motion to Sever at 2, *Anderson v. Comm'r*, No. 20364–07 (T.C. June 2, 2009), *reprinted in* Appendix for Appellant ("App.") 4 ("In relation to the amount of restitution involved in the criminal prosecution, the potential recovery of tax, penalty, and interest for 1998 and 1999 alone are sufficient to vindicate the governmental interests . . . .").

Second, Anderson argues that the District Court violated the "last in time" rule.

The "last in time" rule provides that "[w]hen in two actions inconsistent final judgments are rendered, it is the later, not the earlier, judgment that is accorded conclusive effect in a third action under the rules of res judicata." RESTATEMENT (SECOND) OF JUDGMENTS § 15 (1982). However, this rule is inapplicable here there has been no final judgment in the Tax Court. *See* Order at 2, *Anderson v. Comm'r*, No. 20364–07 (T.C. June 12, 2009), *reprinted in* App. 9 (noting that the Tax Court "will reflect [the IRS's] concession in its eventual entry of decision"). In any event, the Tax Court's order is not "inconsistent" with the District Court's judgment, because the IRS did not intend for its concession of all tax and penalty issues for tax years 1995 to 1997 to be binding for tax years 1998 and 1999.

Finally, Anderson also argues that the "rule of judicial admissions" prevents the Government from denying admissions that it made in the Tax Court pertaining to tax years 1995 through 1997. This rule, which provides that "[a] judicial admission is binding before both the trial and appellate courts," *United States v. Bentson*, 947 F.2d 1353, 1356 (9th Cir.1991), is plainly inapposite because the IRS did not "deliberate[ly], express[ly], and unequivocal[ly]" admit that Anderson did not commit fraud simply by conceding all tax and penalty issues for the 1995 through 1997 tax years. *United States v. Ins. Co. of N. Am.*, 83 F.3d 1507, 1511 n. 6 (D.C.Cir.1996).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.