10-2975-cr
United States v. Shaw

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of November, two thousand eleven.

Present:
>　　　ROBERT D. SACK,
>　　　PETER W. HALL,
>　　　RAYMOND J. LOHIER, JR.,
>　　　　　　　*Circuit Judges*.

————————————————————————————————

UNITED STATES OF AMERICA,

>　　　*Appellee*,

>　　　v.　　　　　　　　　　　　　　　　　　　　No. 10-2975-cr

STEVEN F. SHAW,

>　　　*Defendant-Appellant*.

————————————————————————————————

| | |
|---|---|
| FOR APPELLANT: | George E. Baird, Assistant Federal Public Defender (Molly Kathleen Corbett, *on the brief*), *for* Lisa A. Peebles, Acting Federal Public Defender, Northern District of New York, Albany, NY. |
| FOR APPELLEE: | Tina E. Sciocchetti, Assistant United States Attorney, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, NY. |

————————————————————————————————

Appeal from the United States District Court for the Northern District of New York (McAvoy, *J.*). **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Steven F. Shaw appeals from a judgment entered by the district court (McAvoy, *J.*), convicting him, following a guilty plea, of one count of making false statements in a loan application (18 U.S.C. §§ 1014, 2), one count of attempted tax evasion for the 2005 calendar year (26 U.S.C. § 7201), and one count of embezzlement from a health care benefit program (18 U.S.C. § 669). The district court sentenced Shaw principally to thirty-six months' imprisonment on each count, to run concurrently, and with respect to the tax evasion count, the court ordered restitution in the amount of $122,530, which represented the taxes Shaw owed for calendar years 2004, 2005, and 2006. Shaw appeals only the order of restitution imposed with respect to his conviction under 26 U.S.C. § 7201. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We ordinarily review a district court's restitution order for abuse of discretion, but because this issue was raised for the first time on appeal, we instead review for plain error. *See, e.g.*, *United States v. Middlemiss*, 217 F.3d 112, 121 (2d Cir. 2000). "[I]mproperly ordered restitution constitutes an illegal sentence amounting to plain error." *United States v. Fiore*, 381 F.3d 89, 98 (2d Cir. 1994) (internal quotation marks omitted). It is well settled that a district court may not order restitution unless authorized by statute. *See United States v. Pescatore*, 637 F.3d 128, 139 (2d Cir. 2011); *United States v. Helmsley*, 941 F.2d 71, 101 (2d Cir. 1991). The two principal federal restitution statutes, 18 U.S.C. § 3663 (Victim and Witness Protection Act, "VWPA") and 18 U.S.C. § 3663A (Mandatory Victims Restitution Act, "MVRA"), do not

directly permit restitution for violations of 26 U.S.C. § 7201 in the absence of a plea agreement. *See* 18 U.S.C. § 3663(a)(1)(A) (enumerating covered offenses); *id.* § 3663A(c)(1) (same); *see also United States v. Bok*, 156 F.3d 157, 166 (2d Cir. 1998) (recognizing that 26 U.S.C. § 7201 is not one of the offenses for which 18 U.S.C. § 3663 authorizes restitution).  Nevertheless, a district court "may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement."  18 U.S.C. § 3663(a)(3); *see also* 18 U.S.C. § 3663A(a)(3).  In *United States v. Gottesman*, 122 F.3d 150 (2d Cir. 1997), we interpreted this section to mean: (1) that a court "can order restitution only in an amount not to exceed that agreed upon by the parties," and (2) that a court "can order restitution only if the parties agreed that a *court* may do so."  *Id.* at 152 (emphasis in original).  In *Gottesman*, the plea agreement provided that Gottesman would "pay past taxes due and owing . . . on such terms and conditions as will be agreed upon between [him] and the IRS."  *Id.* (first alteration in original).  Based on those terms, we held that "[w]hile the government certainly contemplated that Gottesman would make tax payments, it was also apparent that the terms of a payment were yet to be negotiated by Gottesman and the IRS—not imposed by court order."  *Id.*  Thus, because "[c]ourt-ordered restitution . . . was not part of the bargain," *id.*, we vacated the district court's restitution order, *id.* at 153.

Shaw contends that, like in *Gottesman*, the terms of his plea agreement did not authorize the district court to impose restitution for his conviction under 26 U.S.C. § 7201.  We disagree. Shaw's plea agreement expressly obligated him to "pay all taxes, penalties, and interest ultimately determined to be due and owing to the United States, *as directed by the Court*." Gov't Appendix at 17 (emphasis added).  By its plain language, therefore, and unlike in

-3-

*Gottesman*, the plea agreement explicitly contemplated that the district court would order Shaw to pay all taxes owed to the United States. The district court's order imposing restitution was thus consistent with both the plea agreement and 18 U.S.C. § 3663(a)(3).

Additionally, Shaw asserts that even if the court was authorized to order restitution for the taxes he failed to pay during the 2005 calendar year, it erred by including in its order taxes owed for the 2004 and 2006 calendar years, as those were not part of the basis for his conviction under 26 U.S.C. § 7201. Shaw, however, fails to appreciate the sentencing court's authority under 18 U.S.C. § 3663(a)(3). Although a district court's restitution order ordinarily is limited by the loss charged in the count of conviction, *see, e.g.*, *Hughey v. United States*, 495 U.S. 411, 420 (1990), the order may exceed that amount to the extent agreed upon by the parties in the plea agreement, *see United States v. Silkowski*, 32 F.3d 682, 688-89 (2d Cir. 1994) (recognizing that 18 U.S.C. § 3663(a)(3) "clarif[ied] the scope of *Hughey* as allowing restitution beyond the offense of conviction when the defendant agrees to such in a plea agreement" (internal quotation marks omitted)). Here, Shaw agreed to "provide timely, full, complete and accurate information to the Internal Revenue Service for the calendar years 2004 through 2006 and fully cooperate in the determination and *payment of any income taxes*, penalties, and interest that may be due and owing to the United States *for those years*." (emphasis added). Thus, while there is no question that Shaw's conviction under 26 U.S.C. § 7201 was based solely on his non-payment of taxes for the 2005 calendar year, he expressly agreed to pay restitution for any income taxes owed for the calendar years 2004, 2005, and 2006. His challenge is unavailing.

The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
