23-6377-cr
United States v. Velez

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand twenty-four.

PRESENT:  GUIDO CALABRESI,
                RAYMOND J. LOHIER, JR.,
                MICHAEL H. PARK,
                        *Circuit Judges*.

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

     *Appellee*,

    v.                                                         No. 23-6377-cr

RICKY TORRES, KOJI ESTEVEZ,
STEVEN VALENZUELA,

     *Defendants*,

JORDAN VELEZ,

     *Defendant-Appellant*.

-----------------------------------------------------------------

FOR APPELLANT: ANDREW H. FREIFELD, New York, NY

FOR APPELLEE: CHAND EDWARDS-BALFOUR (Susan Corkery, Mark E. Misorek, *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part, VACATED in part, and REMANDED for further proceedings consistent with this order.

Defendant-Appellant Jordan Velez appeals from the April 13, 2023 judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*), convicting him, following a guilty plea, of Hobbs Act robbery conspiracy in violation of 18 U.S.C. § 1951(a) (Count One of the indictment), and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii) (Count Sixteen of the indictment).  The District Court sentenced Velez to 168 months' imprisonment, imposed a five-year term of

supervised release, and ordered $216,269.40 in restitution.  On appeal, Velez

challenges: (1) the term of supervised release; (2) the restitution order; and (3) the

disparity between the consecutive terms orally pronounced at sentencing and the

concurrent terms reflected in the written judgment.  We assume the parties'

familiarity with the underlying facts and record of prior proceedings, to which

we refer only as necessary to explain our decision to affirm in part, vacate in part,

and remand for further proceedings.

I.      **Appeal Waiver**

As an initial matter, we consider whether Velez's challenges are barred by

the appeal waiver in his plea agreement.  The agreement provides that Velez

shall not "file an appeal or otherwise challenge . . . the conviction or sentence in

the event that the Court imposes a term of imprisonment of 192 months or

below."  App'x 35.  We construe appeal waivers narrowly and in favor of

appellate review where an agreement is ambiguous as to whether a challenged

aspect of the sentence falls within the waiver's scope.  *See United States v. Burden*,

860 F.3d 45, 54 (2d Cir. 2017).  The waiver here does not explicitly address either

supervised release or restitution.  We therefore conclude that Velez may

challenge these two components of his sentence on appeal.

3

## II.    Supervised Release Term

Velez contends that the District Court erred in imposing a five-year term of supervised release based on the Government's misrepresentation at sentencing that such a term was mandatory.  The Government concedes that remand is warranted on this issue.  We agree.  When the District Court initially ordered a three-year term of supervised release, the Government incorrectly stated that Count Sixteen required a five-year term and the court then changed the term imposed to five years.  Velez's convictions do not mandate any term of supervised release.  *See* 18 U.S.C. §§ 3559, 3583.  Because the record suggests the District Court did not understand it had the discretion to impose a shorter term of supervised release or no term at all, we vacate the supervised release order and remand for the court to resentence Velez with respect to supervised release. *See United States v. Brown*, 935 F.3d 43, 47–49 (2d Cir. 2019).

## III.    Restitution

Velez next argues that the District Court erred in ordering $216,269.40 in restitution when his plea agreement and the court's statements during his plea hearing indicated that he would have to pay only $172,046.62 in restitution.

Because Velez did not object at sentencing, we review this challenge for plain error. *United States v. Zangari*, 677 F.3d 86, 91 (2d Cir. 2012).

The Mandatory Victims Restitution Act (MVRA) requires restitution for specified offenses, including "a crime of violence" and "offense[s] against property." 18 U.S.C. § 3663A(c)(1)(A). The parties dispute whether the MVRA applies to Velez's Hobbs Act robbery conspiracy conviction. If the MVRA applies, the District Court would have been *required* to order as restitution the full amount of victim losses — $216,269.40 — regardless of Velez's ability to pay. *See* 18 U.S.C. § 3664(f)(1)(A); *United States v. Harris*, 302 F.3d 72, 75 (2d Cir. 2002). If the MVRA does not apply, the District Court's statutory authority to order restitution would have been limited by the Victim and Witness Protection Act (VWPA), restitution would be discretionary rather than mandatory, and the court would need to consider Velez's ability to pay when setting the amount. *See* 18 U.S.C. § 3663(a)(1)(B)(i).

We need not resolve this question because we conclude that Velez failed to show that any error with respect to restitution was "clear or obvious, rather than subject to reasonable dispute." *Zangari*, 677 F.3d at 95 (quotation marks omitted). First, we find no plain error in light of the concession at oral argument that Velez

5

would not withdraw his plea even with $216,269.40 in restitution. Second, although Hobbs Act robbery conspiracy is no longer considered a crime of violence, *see United States v. Barrett*, 937 F.3d 126, 127 (2d Cir. 2019), there is no precedent from our Court or the Supreme Court, nor consensus among our sister circuits, about whether it qualifies as an offense against property under the MVRA. *See United States v. Brown*, 352 F.3d 654, 665 n.10 (2d Cir. 2003) (noting the "difficulty of . . . finding plain error where this circuit has not previously spoken on an issue and there is no discernible consensus among other circuits").

Urging a contrary conclusion, Velez relies on *United States v. Gottesman*, 122 F.3d 150 (2d Cir. 1997), to assert that the District Court was bound by the $172,046.62 amount specified in the plea agreement. In *Gottesman*, however, restitution authority derived solely from the plea agreement under 18 U.S.C. § 3663(a)(3) because the tax crimes at issue were not covered by any restitution statute. *Id.* at 151. Here, by contrast, the District Court had statutory authority to order restitution independent of the plea agreement.

Furthermore, even assuming for the sake of argument that the MVRA did not apply to Velez's case and that the District Court was thus required under the VWPA to consider his ability to pay before ordering restitution, the District

6

Court satisfied that requirement when it declined to impose a fine in light of Velez's lack of resources and created a payment schedule that accounted for his financial condition. *See United States v. Allen*, 201 F.3d 163, 168 (2d Cir. 2000).

Finally, we are not persuaded by Velez's argument that the discrepancy in restitution between the plea agreement and the sentence imposed means that he did not knowingly plead guilty. As we noted before, counsel for Velez conceded that Velez would not withdraw his plea even with $216,269.40 in restitution.[1]

## IV.    Written Judgment

Velez's last challenge relates to the discrepancy between the District Court's oral pronouncement at sentencing and its written judgment. Although the District Court orally pronounced two consecutive 84-month terms of

---

[1] Velez alternatively argues that his counsel was constitutionally ineffective for failing to object to the supervised release term and restitution amount. As a preliminary matter, because the Court has vacated Velez's term of supervised release and remanded the case for resentencing, Velez's claim that his counsel was ineffective for failing to object to the supervised release term is moot. Regarding Velez's second claim of ineffectiveness, we decline to consider this argument on direct appeal. *See United States v. Wellington*, 417 F.3d 284, 288 (2d Cir. 2005); *United States v. Khedr*, 343 F.3d 96, 99–100 (2d Cir. 2003). Where the appellate record does not include "facts necessary to adjudicate a claim of ineffective assistance of counsel, our usual practice is not to consider the claim on the direct appeal, but to leave it to the defendant to raise the claims on a petition for habeas corpus under 28 U.S.C. § 2255." *United States v. Oladimeji*, 463 F.3d 152, 154 (2d Cir. 2006). Should Velez choose to further pursue his ineffective assistance claim, habeas proceedings will provide "the forum best suited to developing the facts necessary to determining the adequacy of representation." *Massaro v. United States*, 538 U.S. 500, 505 (2003).

imprisonment, the written judgment provides for a 168-month term "consisting of one hundred and sixty-eight (168) months as to Count 1[] and eighty-four (84) months as to Count 16[] to run concurrent to each other." App'x 78. Because an oral pronouncement controls over a conflicting written one, *see United States v. Traficante*, 966 F.3d 99, 105 (2d Cir. 2020), we vacate the written judgment and direct the District Court on remand to impose in its place a judgment that conforms to the oral pronouncement.

We have considered Velez's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED in part, VACATED in part, and REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8